IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN THEODORE, ) | |
| ) | 2:09-cv-00962-GEB-GGH |
| Plaintiff, ) | |
| ) | <u>ORDER RE: SETTLEMENT</u> |
| v. ) | <u>AND DISPOSITION</u> |
| ) | |
| I.Q. DATA INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

On June 17, 2009, Plaintiff filed a Notice of Settlement in which he states "a settlement of the present matter has been reached . . . which Plaintiff anticipates will be finalized within the next 40 days." Therefore, a dispositional document shall be filed no later than July 27, 2009. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the status (pretrial scheduling) conference scheduled for July 13, 2009, is rescheduled to commence at 9:00 a.m. on August 24, 2009, in the event that no dispositional document is

1  filed, or if this action is not otherwise dismissed.  A joint status
2  report shall be filed fourteen days prior to the status conference.[1]
3          IT IS SO ORDERED.
4  Dated:  June 30, 2009

            _____
            GARLAND E. BURRELL, JR.
            United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).